Maria Elsy **CALLES–ORELLANA,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 06–72653.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.[*]

Filed Sept. 9, 2008.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

618

MEMORANDUM **

Maria Elsy Calles–Orellana, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *see Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

■ Substantial evidence supports the agency's finding that Calles–Orellana's experience in El Salvador did not constitute past persecution because the only harm she suffered was one unfulfilled threat. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003). Substantial evidence also supports the agency's finding that Calles–Orellana did not establish that she would be singled out for persecution if she were to return to El Salvador. *See Quintanilla–Ticas v. INS,* 783 F.2d 955, 957 (9th Cir.1986). Accordingly, Calles–Orellana is not eligible for asylum.

Because Calles–Orellana did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

■ Substantial evidence supports the denial of protection under CAT because Calles–Orellana did not show that it is more likely than not that she would be tortured if returned to El Salvador. *See id.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Calles–Orellana's due process contention that the IJ failed to consider the State Department Country Report is not supported by the record because the IJ cited to the Report in his decision. Further, Calles–Orellana's contention that the BIA's summary affirmance violated her due process rights is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**